Filed 7/24/26  P. v. Block CA4/1

**OPINION ON REHEARING**

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086742 |
| Plaintiff and Respondent, | (Super. Ct. No. SCS319612) |
| v. | |
| CARL EDWARD BLOCK, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Carl Edward Block, in pro. per., and Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Carl Edward Block entered into a plea agreement in which he pleaded guilty to one count of criminal threats (Pen. Code,[1] § 422) and one count of evading a peace officer (Veh. Code, § 2800.2, subd. (a)).  The parties stipulated Block would receive a two-year eight-month sentence with the

---

[1]    Further statutory references are to the Penal Code.

execution suspended pending probation. Block waived the right to appeal from any stipulated sentence. Block was sentenced in accordance with the plea agreement.

In July 2023, Block admitted a probation violation. He was sentenced to 365 days in jail and reinstated on probation. In February 2024, Block admitted another probation violation. The court imposed a two-year eight-month sentence.

In July 2025 Block brought a motion to withdraw his guilty plea which he deemed to be a petition for writ of error *coram nobis*. The People opposed the request, arguing the court should instead apply section 1810. At the hearing, Block told the court he was making the motion under section 1810. The court denied that request as untimely. The court also considered Block's claims as a writ of error *coram nobis* and explained his allegations derived from an ineffective assistance of counsel claim, which was not properly raised by writ of error *coram nobis*. Block further sought relief under the authority of Code of Civil Procedure section 663, asking the court to dismiss the charges against him. The court explained that the Code of Civil Procedure did not apply, and if it did apply, the request was untimely. The petition was denied.

Block filed a timely notice of appeal.

Appellate counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel requested the court to independently review the record for error as required by *Wende*. Block was unable to file a supplemental brief on the first review. The court affirmed the judgment.

Block thereafter filed a petition for rehearing, which the court granted. (Cal. Rules of Court, rule 8.268.)  Block has since been able to file a lengthy supplemental brief.  In his brief Block criticizes the trial judge, defense counsel, the prosecutor, and the superior court clerk.  Block claims the court should have granted his motion to set aside the plea, which he made several years after he was placed on probation.  Block claims the trial court did not understand the law regarding the writ of error *coram nobis*.

A writ of error *coram nobis* is "applicable to only a 'very limited class of cases [citation]' " when facts unknown to the parties at the time of the judgment would have prevented the conviction had they been known, like where a guilty plea is procured by extrinsic fraud.  (*People v. Kim* (2009) 45 Cal.4th 1078, 1092–1093, 1094.)  In his supplemental brief, Block does not explain why the court's reasoning for denying the request for writ of error *coram nobis* was flawed or acknowledge that the court separately considered this claim.  We see no error.

Block also alleges there were six hearings, including trial readiness conferences, during the time in which Block was not present due to COVID regulations.  At the hearing, he argued he should have been eligible to appeal those hearings, but his attorney never filed a notice of appeal, which showed ineffective assistance of counsel.  Absence from the hearings was not appealable until judgment was entered (§ 1237, subd. (a)), and Block did not appeal after entering a guilty plea.  Ineffective assistance of counsel claims are more appropriately addressed in a habeas corpus proceeding.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 267.)

The sum of Block's allegations is he was denied due process and that all the errors were structural.  On this record we do not find that Block has raised any arguable issues for reversal on appeal.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court  to independently review the record for error.  To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal:  Whether the trial court erred in failing to grant his motion to withdraw his guilty plea under section 1018 and Code of Civil Procedure section 663.

We have independently reviewed the record for error as required by *Wende* and *Anders.*  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Block in this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.*

WE CONCUR:


DO, Acting P. J.


BUCHANAN, J.

---

\* 	Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.